IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLORADO

| | |
|---|---|
| AMERICA 2030 CAPITAL LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>SUNPOWER GROUP LIMITED, et al.<br><br>Defendant. | C.A. No. 1:19-cv-02676<br>CMA-KMT |

**AFFIDAVIT IN RESPONSE TO ORDER TO SHOW CAUSE**

Plaintiff, America 2030 Capital Limited, hereby responds to Magistrate's Order of January 22, 2020 to Show Cause why this "case should not be dismissed for with prejudice as permitted by D.C. COLO. LCivR 41.1 and *Ehrenhaus v. Reynolds*."

Under *Ehrenhaus v. Reynolds*, the court applies a five part test to determine if dismissal is appropriate given the individualized circumstances of each case. The five factors to be considered are: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). Furthermore, these factors are not to be considered a "rigid test", but rather, should be considerations in determining if dismissal is an appropriate sanction. *Id.*

It is well recognized that a sanction of dismissal is "very harsh" and should be used "only in extreme situations, when there is a clear record of delay or contumacious conduct, or when the other less drastic sanctions have proven unavailing." *Williams v. Chicago Board of Education*, 155 F.3d 853, 857 (7th Cir. 1998).

In the present case, the sanction of dismissal is based on a missed status report deadline. While Plaintiff did miss the deadline, this is the first event in this case that demonstrates a failure to comply with court orders on behalf of the Plaintiff. In *Doe v. Xudong*, the court similarly dismissed a case for a missed status report deadline. 123 Fed.Appx 727, 729 (7th Cir. 2005). However, this dismissal was overturned based on the facts that this was a singular error and there had been no explicit warning leading up to the dismissal. *Id.* Similarly, in the present case, no explicit warning regarding a possibility of dismissal was ever issued to the Plaintiff. Alternatively, in *Cohen v. Hoyer*, a dismissal was upheld after a missed status report deadline; however, this case is easily distinguished from the present case given that there was a twenty (20) month period of inactivity during which the defendant answered and the plaintiff failed to ever respond. 32 Fed.Appx. 755,759 (7th Cir. 2002). The Court determined that the dismissal was appropriate given a failure to prosecute for a prolonged period of time and inactivity on behalf of the plaintiff despite ongoing settlement discussions between both parties. *Id.* While a dismissal may be appropriate if there was a pattern of missed deadlines, non-compliance with the court, and prolonged periods of inactivity, that is simply not the case in the present situation. The *Ehrenhaus* factors support this.

Under the first factor, prejudice to the defendant, the Defendant has yet to respond in this case. Therefore, the dismissal of this case only would affirm that the lack of response has been appropriate in this case. As to the second factor, interference in the judicial process, Plaintiff has high regard for court orders and compliance with those orders. While the missed deadline cannot be ignored, it is the first issue of non-compliance in this case; and therefore, the Plaintiff asserts that dismissal is too extreme of a sanction. As to the third factor, culpability of the litigant, Plaintiff takes responsibility for the missed deadline and intends to adhere to the March 11, 2020 deadline

to file all return of services. Under the fourth factor, advanced warning of the dismissal, there was no advanced warning or indication to Plaintiff that this case would be dismissed for one missed deadline. Furthermore, Plaintiff has adhered to all other court orders for this case and intends to continue to do so for the duration of the case. Finally, as to the fifth factor, the efficacy of lesser sanctions, Plaintiff intends to continue to comply with court orders. In this particular case, Plaintiff asserts that a lesser sanction, if any sanction, would be appropriate given the singular missed deadline for the status report. Therefore, under the *Ehrenhaus* factors, dismissal as a sanction in this specific case is harsh, severe, and deprives Plaintiff the opportunity to move forward in the interest of seeking justice.

Furthermore, Plaintiff requests a leave to file the status report. Should this request be granted, Plaintiff intends to file the status report no later than Tuesday, February 18, 2020. Additionally, Plaintiff intends meet the March 11, 2020 deadline to file all return of service.

WHEREFORE, for all the reasons set forth above, Plaintiff respectfully moves this Court to allow this action to go undismissed and to move forward in adherence with the deadlines and orders established by this Court.

Dated: February 12, 2020

*/s/ Jaitegh Singh*
Jaitegh Singh, Esq. #48585
Attorney for Plaintiffs
7424 S University Blvd
Ste E PMB 85099
Centennial, CO 80122
212-687-2578
jt@jtsinghlaw.com