IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19–cv–02676–CMA–KMT

AMERICA 2030 CAPITAL LIMITED,

    Plaintiff,

v.

SUNPOWER GROUP LIMITED,
GE CUI PING,
CHEN KAI,
LAU PING SUM (AKA "PEARCE"),
THE EDGE MEDIA GROUP PTE LTD,
TONG KOOI ONG,
PC LEE,
MICHELLE ZHU,
DCP CAPITAL PARTNERS,
DAVID LU,
CDH INVESTMENTS,
HUANG YAN,
LI GANG,
YING WEI,
SONG XIAOMING,
HU NING,
GUO LI,
WILLIAM HSU,
UOB KAY HIAN PTE LTD,
UNITED OVERSEAS BANK LIMITED,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This matter is before the court *sua sponte* on Plaintiff America 2030 Capital Limited's ongoing failure to prosecute this action, or to comply with the Order to Show Cause, which was issued by this court on January 22, 2020.  (*See* Doc. No. 13.)

On September 23, 2019, this court set a Scheduling Conference for December 16, 2019.  (Doc. No. 6.)  The Scheduling Conference was subsequently vacated, on December 10, 2019, given that Defendants had not entered their appearances, and the parties had not filed a proposed Scheduling Order.  (Doc. No. 8.)  On January 14, 2020, this court entered an order requiring Plaintiff to file a status report, no later than January 21, 2020, to advise how it intends to proceed with its case.  (Doc. No. 12.)  Plaintiff, however, failed to comply with that order.

On January 22, 2020, this court ordered Plaintiff to show cause as to why this case should not be dismissed with prejudice, as permitted by D.C.COLO.LCivR 41.1 and *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), for lack of prosecution.  (Doc. No. 13.)  Plaintiff was warned that its failure to respond and show cause for its failure to prosecute would result in this court issuing a recommendation to dismiss this case.  (*Id.*)

On February 12, 2020, Plaintiff filed a Response to the Order to Show Cause, contending that, even though it failed to meet the status report deadline, such failure did not warrant the outright dismissal of this case.  (Doc. No. 14.)  In the Response, Plaintiff argued that its failure to file a timely status report was "the first event in this case that demonstrates a failure to comply with court orders."  (*Id.* at 2.) Plaintiff reported that it "t[ook] responsibility for the missed deadline and intend[ed] to adhere to the March 11, 2020 deadline to file all return of services." (*Id.* at 2-3.)  Plaintiff likewise informed the court that it "intend[ed] to file the status report no later than Tuesday, February 18, 2020." (*Id.* at 3.)

Based on the representations made by Plaintiff in the Response, on February 13, 2020, this court discharged the Order to Show Cause. (Doc. No. 15.) Subsequently, however, Plaintiff failed to meet the respective deadlines for filing a status report and service returns. Plaintiff also failed to request any extension of those deadlines. To date, Plaintiff has still not filed a status report, or the service returns. Nor has Plaintiff provided the court with any explanation for its failure to do so. Therefore, given Plaintiff's continued failure to prosecute this matter, including its failure to comply with the January 22, 2020 Order to Show Cause, this court finds the dismissal of this case with prejudice to be appropriate and warranted.

WHEREFORE, for the foregoing reasons, this court respectfully

**RECOMMENDS** that this case be **DISMISSED with prejudice** pursuant to D.C.COLO.LCivR 41.1 and *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992).

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to

make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc*., 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 23rd day of April, 2020.

BY THE COURT:

*[signature]*

Kathleen M. Tafoya
United States Magistrate Judge