IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 19-cv-02676-CMA-KMT

AMERICA 2030 CAPITAL LIMITED,

    Plaintiff,

v.

SUNPOWER GROUP LIMITED,
GE CUI PING,
CHEN KAI,
JIANG NING,
LAU PING SUM, a/k/a Pearce,
EDGE MEDIA GROUP PTE LTD, THE,
TONG KOOI ONG,
P C LEE,
MICHELLE ZHU,
DCP CAPITAL PARTNERS,
DAVID LU,
CDH INVESTMENTS,
HUANG YAN,
LI GANG,
YING WEI,
SONG XIAOMING,
HU NING,
GUO LI,
WILLIAM HSU,
UOB KAY HIAN PTE LTD, and
UNITED OVERSEAS BANK LIMITED,

    Defendants.

---

**ORDER ADOPTING APRIL 23, 2020 RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on the Recommendation (Doc. # 18) of United States Magistrate Judge Kathleen M. Tafoya, wherein she recommends that this Court dismiss this case with prejudice based on Plaintiff's failure to prosecute and failure to comply with court orders. On April 29, 2020, Plaintiff filed a "Response," which the Court liberally construes as an objection to the Recommendation. (Doc. # 19.) For the following reasons, the Court affirms the Recommendation and overrules Plaintiff's Objection.

## I.     BACKGROUND

Magistrate Judge Tafoya's Recommendation details the factual and procedural background of this case. (Doc. # 18 at 2–3.) The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Accordingly, the factual background of this matter will be reiterated only to the extent necessary to address Plaintiff's Objection.

Plaintiff initiated this case on September 19, 2019. On October 16, 2019, Plaintiff represented that it had effected service on all Defendants. *See* (Doc. # 7). However, none of the Defendants have entered an appearance in this case as of the date of this Order. Thus, Magistrate Judge Tafoya issued a Minute Order on January 14, 2020, which noted Defendants' failure to answer or otherwise respond and directed Plaintiff to "file a status report no later than January 21, 2020, advising the court as to how it plans to proceed." (Doc. # 12.)

However, Plaintiff failed to comply with the Minute Order. Accordingly, the magistrate judge issued an order directing Plaintiff to show cause why the case should

not be dismissed due to Plaintiff's lack of compliance. (Doc. # 13 at 2–3.) Plaintiff timely filed a Response to the show cause order on February 12, 2020. (Doc. # 14.)

Plaintiff argued that the case should not be dismissed because it was the "first event in this case that demonstrates a failure to comply with court orders . . . ." (Doc. # 14 at 2.) Plaintiff also indicated that it "has high regard for court orders and compliance with those orders[,] . . . takes responsibility for the missed deadline[,] and intends to adhere" to future deadlines. (*Id*. at 2–3.) Additionally, Plaintiff represented that it "intend[ed] to file the status report no later than Tuesday, February 18, 2020." (*Id*. at 3.) Based on Plaintiff's representations, Magistrate Judge Tafoya discharged the Order to Show Cause on February 12, 2020. (Doc. # 15.)

Despite Plaintiff's representation that it would file a status report by February 18, 2020, that date passed without any action from Plaintiff. In fact, Plaintiff did not take any action to prosecute this case for more than two months. Finally, on April 23, 2020, Magistrate Judge Tafoya issued the instant Recommendation that this case should be dismissed with prejudice based on Plaintiff's failure to prosecute and failure to comply with court orders.

Subsequently, on April 29, 2020, Plaintiff filed an Objection to the Recommendation as well as a Motion for Change of Venue. (Doc. ## 19, 20.)

## II.   LEGAL STANDARD

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommended] disposition that has been

properly objected to." An objection is properly made if it is both timely and specific. *United States v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996). In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

### III.　ANALYSIS

Under Federal Rule of Civil Procedure 41, a district court may dismiss an action with prejudice if the plaintiff fails "to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962))).

However, "[b]ecause dismissal is such a harsh sanction, it is appropriate only in cases of willfulness, bad faith, or some other fault of [the plaintiff]." *Chavez v. City of Albuquerque*, 404 F.3d 1039, 1044 (10th Cir. 2005) (quotation and alteration omitted). Accordingly, the Tenth Circuit has held that Rule 41(b) involuntary dismissals should be determined by reference to the criteria set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992). See *Black v. Larimer Cty.*, 722 F. App'x 763, 767 (10th Cir. 2018). The *Ehrenhaus* factors are as follows:

1. The degree of actual prejudice to the defendant;

2. The amount of interference with the judicial process;

3. The culpability of the litigant;

4. Whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and

5. The efficacy of lesser sanctions.

*Auto-Owners Ins. Co. v. Summit Park Townhome Assoc.*, 866 F.3d 852, 860 (10th Cir. 2018) (citation and quotation marks omitted).

"The factors do not create a rigid test but are simply criteria for the court to consider." *Gripe v. City of Enid, Okl.*, 312 F.3d 1184, 1188 (10th Cir. 2002) (citing *Ehrenhaus*, 965 F.2d at 921). As applied to the instant case, the *Ehrenhaus* factors show that dismissal of Plaintiff's case with prejudice is warranted.

Although Defendants have not entered an appearance in this case, they have been prejudiced by Plaintiff's failure to prosecute. Specifically, Defendants have been deprived of a timely resolution of Plaintiff's claims—even if that resolution is in the form of a default judgment that clarifies their liability. Under the present circumstances, and without judicial action, Plaintiff could keep this case pending indefinitely, which is inapposite with the "**just, speedy**, and inexpensive determination of every action," contemplated by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 1 (emphasis added).

Plaintiff's lack of diligence in this case has substantially interfered with the judicial process. Because of Plaintiff's failure to comply with Magistrate Judge Tafoya's direction to file a simple status update, this Court has expended an unreasonable

5

amount of time and resources trying to move this case forward. This is not a case in which Plaintiff is a lay person who can be excused for lack of familiarity with the procedural rules. Plaintiff is represented by counsel, a licensed attorney who is an Officer of the Court. In response to the magistrate judge's show cause order, Plaintiff's counsel misrepresented to the Court that he fully intended to and would comply with court orders. In reliance on that representation, the Court discharged the Order to Show Cause. In this regard, Plaintiff's actions have taken "time away from individuals in other cases who have meritorious claims and serious injuries that deserve to be redressed promptly." *Valentine v. PNC Fin. Servs. Grp., Inc.*, No. 18-cv-01934-CMA-SKC, 2019 WL 5957297, at *3 (D. Colo. Nov. 13, 2019).

     Plaintiff—and its counsel—are entirely culpable for the breakdown of the litigation process in this case. The Court is at a loss for any justifiable explanation as to the conduct of Plaintiff and Plaintiff's counsel. It is difficult to conceive of a task that is easier than complying with an order to file a status update about a case. Further, it is inexcusable for a party to represent to a court that it intends to comply with a court order and then fail to do so without explanation, as Plaintiff did in its response to the Order to Show Cause.[1]

---

[1] The Court notes that Plaintiff's Counsel, Jaitegh Singh, has a habit of failing to comply with court orders when he appears before this Court. *See Two Rivers Water & Farming Co. v. Am. 2030 Capital Ltd.*, No. 19-cv-01640-CMA-STV, 2020 WL 1676768, at *1 (D. Colo. Apr. 6, 2020) (noting America 2030 Capital Limited, which was represented by Jaitegh Singh, "failed to comply with the Court's order [to file a response to a motion] without explanation."). This habit belies Plaintiff's repeated representation that "Plaintiff has high regard for court orders and compliance with those orders." (Doc. # 14 at 2; Doc. # 19 at 2.)

As the Court has alluded, such behavior is illustrative of a lack of candor with the Court, and it casts heavy doubt on Plaintiff's representation in its Objection that it "has every intention of complying with future orders." (Doc. # 19 at 2.)[2] Accordingly, the record establishes "willfulness, bad faith, or some other fault of [the plaintiff]" that justifies dismissal with prejudice. *Chavez*, 404 F.3d at 1044.

The fourth and fifth *Ehrenhaus* factors are also satisfied. Magistrate Judge Tafoya's Order to Show Cause served as ample notice that Plaintiff's failure to comply with court orders could result in the termination of this case. Additionally, there is no evidence that a sanction less than dismissal with prejudice would incentivize Plaintiff to amend its conduct.

## IV.   CONCLUSION

Based on the foregoing, the Court ORDERS as follows:

- Magistrate Judge Kathleen M. Tafoya's Recommendation (Doc. # 18) is AFFIRMED AND ADOPTED as an order of this Court;

- Plaintiff's Objection to the Recommendation (Doc. # 19) is OVERRULED;

- This case is DISMISSED WITH PREJUDICE based on Plaintiff's failure to prosecute and failure to comply with court orders;

- Plaintiff's Motion for Change of Venue (Doc. # 20) is DENIED AS MOOT; and

---

[2] The Court is similarly skeptical of Plaintiff's excuse that, "Plaintiff would ask that this Court consider the impact of the ongoing Covid-19 pandemic as this has created a difficulty in communication between Plaintiff and his [sic] Counsel." (Doc. # 19 at 2.) The Court is unaware of any features of the COVID-19 crisis that could disrupt an attorney's ability to communicate with a corporate client. Plaintiff's assertion would be somewhat less incredulous if it represented that its counsel or corporate personnel had contracted the virus, but a vague reference to the "impact of the ongoing . . . pandemic" is simply insufficient to explain or justify Plaintiff's conduct.

- Any further conduct by Plaintiff's counsel which demonstrates willful disregard of this Court's orders or of his duty of candor to the court will be referred to the appropriate attorney regulation committee.

DATED: April 30, 2020

BY THE COURT:

*Christine M Arguello*
CHRISTINE M. ARGUELLO
United States District Judge